# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 24-1753V

|  |  |
|---|---|
| MELISSA WEBER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br><br>Filed: February 4, 2026 |

*Christopher Williams, Siri & Glimstad, LLP, New York, NY, for Petitioner.*

*Rochelle Ilana Gillenson, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON DAMAGES[1]

On October 25, 2024, Melissa Weber filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of a tetanus-diphtheria-acellular pertussis vaccination administered on October 2, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 28, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On February 3, 2026, Respondent filed a Proffer on an award of compensation ("Proffer"). Respondent represented that Petitioner agrees with

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the proffered award. *Id.* at 1-2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioner is awarded a lump sum of $40,182.67 (representing $40,000.00 for pain and suffering, and $182.67 for past unreimbursable expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** Proffer at 2. This amount represents compensation for all damages that would be available under Section 15(a). *Id.* at 2.

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| MELISSA WEBER, | |
| Petitioner, | |
| v. | No. 24-1753V |
| | Chief Special Master Brian H. Corcoran |
| SECRETARY OF HEALTH AND | ECF |
| HUMAN SERVICES, | |
| Respondent. | |

### PROFFER ON AWARD OF COMPENSATION[1]

On October 25, 2024, Melissa Weber ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended* ("Act").  She alleges that she sustained a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following receipt of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on October 2, 2022.  *See* Petition. On May 27, 2025, the Secretary of Health and Human Services ("respondent") filed his Vaccine Rule 4(c) report, concluding that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury.  *See* ECF No. 15.  On May 28, 2025, Chief Special Master Corcoran issued a ruling on entitlement, finding petitioner entitled to compensation for a SIRVA Table injury.  *See* ECF No. 17.

### I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1]  This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$40,000.00** in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable

expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be

awarded past unreimbursable expenses in the amount of **$182.67**.  *See* 42 U.S.C. § 300aa-

15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

The parties recommend that compensation provided to petitioner should be made through

a lump sum payment, as described below, and request that the Chief Special Master's decision

and the Court's judgment award the following:[2]

> A lump sum payment of **$40,182.67** to be paid through an ACH deposit to petitioner's
> counsel's IOLTA account for prompt disbursement to petitioner, Melissa Weber.

> Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future
medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the
right to move the Court for appropriate relief.

2

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

*s/ Rochelle I. Gillenson*
ROCHELLE I. GILLENSON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4267
E-mail: rochelle.gillenson@usdoj.gov

DATED: February 3, 2026

3